## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALICIA KIRTON**,** <br> 1136 Emerald HI Way. <br> Valrico, FL 33594 <br><br> *Plaintiff*, <br><br> v. <br><br> KRISTJEN M. NIELSON, Secretary <br> U.S. DEPARTMENT OF HOMELAND <br> SECURITY <br> Washington, DC 20528 <br><br> And <br><br> FEDERAL EMERGENCY <br> MANAGEMENT AGENCY <br> 500 C Street S.W. <br> Washington, DC 20020 <br><br> *Defendant,* | ) <br> ) <br> ) <br> ) <br> )   Case No. _____ <br> ) <br> ) <br> )   **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Alicia Kirton, by and through undersigned counsel, makes the following complaint under

Title VII, 42 U.S.C. § 2000e *et seq.*, for discrimination based on race and color. Ms. Kirton

demands a trial by jury on all issues so triable.

## JURISDICTION, PARTIES, & EXHAUSTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C.

§ 1343.

2.  Defendant Nielson is Secretary of the U.S. Department of Homeland Security

("DHS") being sued in her official capacity as such.

3.   Federal Emergency Management Agency ("FEMA") is a Federal Agency located in Washington, D.C., within the physical jurisdiction of this Court.

4.   Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

5.   Kirton satisfied the administrative prerequisites for filing suit by contacting an EEO counselor within the required time limits.

6.   Kirton filed a formal EEO complaint of discrimination February 22, 2016, against the Defendant based on race and color discrimination.

7.   On March 3, 2017, Kirton requested a hearing before an EEOC Administrative Judge (AJ).

8.   On October 24, 2017, FEMA notified Kirton of the completion of a 180 day investigation, and forwarded copies of the IF to Kirton and the EEOC AJ.

9.   On February 13, 2018, Kirton withdrew her request for a hearing.

10. The AJ remanded the case to the agency to issue a Final Agency Decision.

11. Kirton received the Agency's final agency decision on April 4, 2018, and brings these claims herein within ninety days of when he received that decision.

12. Kirton has satisfied all administrative requirements and exhausted his administrative remedies before bringing this claim.

## FACTS

13. Plaintiff is an African-American.

14. During the relevant time period, FEMA employed Kirton as a Budget Analyst in the Funds Control Branch of the Budget Planning and Analysis Division (BPAD), Office of Chief Financial Officer (OFCO), in Washington, DC.

14. The Supervisory Budget Analyst (S1) served as Kirton's first line supervisor.

15. On December 18, 2015, Kirton submitted a request to S1 for "95-100%" telework.

16. On December 22, 2015, Kirton submitted another request to S1 for 95-100% telework, and also to change Kirton's duty station to Florida. Kirton stated that the request was based on her "current commuting time" and to improve her work life balance.

17. On December 29, 2015, the agency denied Kirton's requests for increased telework and a change in duty station.

18. On January 19, 2016, Kirton submitted a Telework Application and Agreement, which placed her in the office two days per pay period, and teleworking the remaining days. S1 disapproved the Telework Application and Agreement, noting that "this agreement does not meet the BPAD Telework expectation of 2 days per week" in the office.

19. Similarly situated employees not of Plaintiff's race and color were permitted to telework.

20. Plaintiff sustained a tangible, employment action in not being permitted to telework.

## COUNT I – TITLE VII DISCRIMINATION

21. Plaintiff Kirton incorporates by reference all preceding paragraphs herein.

22. The Agency's deciding official, Melissa Ellis, was aware of Plaintiff's race and color.

23. The Agency's deciding official, Melissa Ellis, was aware of the race and color of the similarly situated employees permitted to telework, Mark Miller and Jennifer Wohltman.

24. Plaintiff's race was a motivating factor in the defendant prohibiting Kirton to telework.

25. Plaintiff sustained a tangible employment loss.

26. By denying the telework motivated by her race, the Agency engaged in unlawful race and color based discrimination in violation of Title VII.

27. Because of the Agency's actions, Kirton suffered lost money, benefits, as well as mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Agency as follows:

A.    That the Court order the Agency to pay compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, damages for emotional distress and pain and suffering, according to proof allowed by law;

B.    That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

C.    That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated and retaliated against;

D.    That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees;

E.    That the Court grant Plaintiff an award of prejudgment and post-judgment interest;

F.    That the Court grant Plaintiff all other relief the Court deems just and proper.

Dated: July 3, 2018

*Morris E. Fischer, Esq.*
_____
Morris E. Fischer, Esq.
Morris E. Fischer, LLC
8720 Georgia Avenue, Suite 210
Silver Spring, MD 20910
301- 328-7631 Office
301- 328-7638 Fax
Attorney for Plaintiff

## **JURY DEMAND**

The plaintiff hereby demands a jury trial on all issues so triable.


Dated: July 3, 2018

*Morris E. Fischer, Esq.*

_____
Morris E. Fischer, Esq.
Morris E. Fischer, LLC
8720 Georgia Avenue, Suite 210
Silver Spring, MD 20910
301- 328-7631 Office
301- 328-7638 Fax
Attorney for Plaintiff