# EXHIBIT 16

**Pearson, Andrea**

| | |
|---|---|
| **From:** | Kirton, Alicia |
| **Sent:** | Wednesday, February 03, 2016 12:34 PM |
| **To:** | Pearson, Andrea |
| **Subject:** | Appeal of Telework denial |

Please allow this to be a part of my complaint as well. Thank you. As you will see when I emailed my appeal, it went to Ben M who is our Budget Director, Matt A, who is or executive and Melissa who is my supervisor.

V/r
Alicia

---

**From:** Benson, Shalini
**Sent:** Tuesday, February 02, 2016 10:41 AM
**To:** Kirton, Alicia <Alicia.Kirton@fema.dhs.gov>
**Cc:** Ellis, Melissa <Melissa.Ellis@fema.dhs.gov>
**Subject:** FW: Appeal of Telework denial

Alicia,

Although there is no appeal process for telework, as Melissa's immediate supervisor and your second line supervisor, I am nevertheless responding to your request. Per the telework policy 123-9-1: "Teleworking is a voluntary work alternative that may be appropriate for some employees and some jobs. It is not an entitlement and in no way changes the terms and conditions of employment with the Agency." Telework is at your manger's discretion to approve, and I concur with Melissa's decision. Please note that we are not denying your use of Telework, but rather managing the telework schedule to be consistent with the other employees in our division/branch and mission needs.

You raise an excellent point in noting that the BPAD policy was shared with managers only and not staff. I will rectify that and send a communication to all of BPAD ensuring that everyone has the same information. Thanks for pointing that out.

If you'd like to discuss, please let me know.

Best,
Shalini

---

**From:** Kirton, Alicia
**Sent:** Friday, January 29, 2016 5:17 PM
**To:** Allen, Matthew; Moncarz, Benjamin; Ellis, Melissa
**Subject:** Appeal of Telework denial

Good evening, Matt, Benjamin and Melissa, as you may or not be aware, my recent Telework Agreement (TWA) was disapproved (see attached) This email serves as notification to you of my intent to appeal this decision.

1

Please find my rebuttal attached as a memo for record in hopes we can resolve this impasse.

V/r

Alicia Kirton
Funds Control Analyst
OCFO-Budget Planning & Analysis Division
Desk (202) 212-3783
BB (202) 230-7134

Now that my request based on the policy has been submitted, I am being told and given a copy of the aforementioned email being provided as BPAD telework policy on January 21, 2016. If this email is being constituted as the BPAD's Standard Operational Procedure in conjunction with the DHS/FEMA policy, then why wasn't it provided or discussed as an addition policy being in place at the start of my return to duty and not wait until after I make a request to change my telework schedule to coincide with DHS/FEMA policy? The email from Shalini Benson is dated April 23, 2015, which indicates Melissa Ellis had the email on 2 June 2015 when signing off on my initial tele-work request, yet never discussed nor acknowledged that there was such a document as the BPAD Telework Policy. This email that is now being given to me as guidance for the Office of the Chief Financial Officer/ Budget Planning and Analysis Department, telework employee policy, however it is not consistent with the Agency Policies and Procedures for telework employees.

I believe that I am being held to a different standard than my fellow employees as they are allowed to Telework based on Shalini Benson's perception of what should be considered as an exception to her email which I am now being told is BPAD policy, yet my request which is based on DHS/FEMA Policy I was provide on 2 June 2015 of being in the office 2 days per pay period, is not being considered equitable enough to be adhered too or approved.

Also Within the email it states that exceptions are based on individual situations along with the decision being made by Shalini Benson, yet no explanation of what Shalini Benson would consider an exception is being provided due to a statement made that the exceptions are individually based.

Telework is an opportunity for all employees to work from a remote location, and nothing in FEMAs Manual 123-9-1 states that only a limited number of employees can telework and report two days per pay period. I believe that my denial was unfair due to three employees GS 14's are given an exception to the aforementioned email (policy) which of the three one has retired. This unfair treatment blatantly exemplifies an office of preferential treatment, and shows not everyone is held to the same rules.

Since June 1, 2015 I can attest that one employee came in the office 1 day in July which was around the office outside gathering, 1 ½ days the end of September during close out, 1 ½ days in Nov which was before veterans day, 1 ½ days in Dec during the holiday party, and 1 day in Jan prior to the snow. During these times the employee has not been required to change her duty location nor adhere to the email which again is being stated as BPAD policy, neither is this employee required to adhere to DHS/FEMA Policy.

In a conversation with Melissa Ellis of me requesting to telework in accordance with the DHS/FMEA policy, she stated that the above mentioned employee has a special skill set that allows the individual to telework in the manner that is being performed, yet nowhere in the DHS/FEMA telework nor in the email from Shalini Benson dated 23 April 2015 does it state a

person must have a special skill set in order to perform additional telework days or be allowed to be excepted from the Policy in place.

I understand that all offices are given the opportunity to develop additional guidance for teleworking which would be considered the Standard of Operating Procedures for the office, however; once that additional guidance for an office is presented as policy, shouldn't everyone who the new policy affects be given a copy?  Current actions reveal  obvious exceptions for some, yet the same opportunities are not granted for others, which provides great opportunity for employees to view this as bias and unfair practices being allowed in the FEMA BPAD office, which is contradictory to FEMA policy section 1-7 Responsibilities, and  subsection J1 which states, employees should all be treated equitable.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Alicia Kirton*
Alicia Kirton