EXHIBIT 21

*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528



|  |  |
|---|---|
| Alicia Kirton, | ) |
| *Complainant* | ) |
| v. | ) Agency Case No. HS-FEMA-25619-2016 |
|  | ) EEOC Case No. 570-2017-00698X |
| Kirstjen M. Nielsen, Secretary, | ) |
| U.S. Department of Homeland Security, | ) |
| *Agency* | ) |

# FINAL AGENCY DECISION

Pursuant to 29 C.F.R § 1614.110(b), the U.S. Department of Homeland Security (Department), Office for Civil Rights and Civil Liberties (CRCL) hereby takes final action on the above-captioned complaint by issuing a Final Agency Decision (FAD).[1]  Based upon a review of the full Investigative File (IF), CRCL finds that Complainant failed to prove by a preponderance of the evidence that the Federal Emergency Management Agency (FEMA) discriminated against Complainant.  Pursuant to 29 C.F.R. § 1614.110(b), a notice is attached to this Decision informing Complainant of the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in Federal District Court.  Also, a copy of EEOC Form 573 is attached for Complainant's submission to the EEOC's Office of Federal Operations, should Complainant decide to file an appeal.

## PROCEDURAL HISTORY

1. On January 21, 2016, Complainant initiated contact with an Equal Employment Opportunity (EEO) Counselor.  (IF at 32).

---

[1] Pursuant to the Homeland Security Act of 2002, *as amended*, 6 U.S.C. § 345, the Officer for Civil Rights and Civil Liberties (CRCL) shall ensure that the protection of civil rights and civil liberties is appropriately incorporated into Departmental programs and activities. On October 26, 2012, the Secretary for the Department issued Delegation Number 19003, which delegated to CRCL the authority to render final decisions on behalf of the Secretary in EEO complaints, pursuant to 29 C.F.R. § 1614.110, or administratively, when that regulation is not applicable.

2. On February 12, 2016, FEMA notified Complainant of the conclusion of EEO counseling and of Complainant's right to file a formal complaint. (IF at 30).

3. On February 22, 2016, Complainant filed the formal complaint at issue. (IF at 12).

4. On March 3, 2017, Complainant requested a hearing before an EEOC Administrative Judge (AJ).

5. On October 24, 2017, FEMA notified Complainant of the completion of the investigation, and forwarded copies of the IF to Complainant and the EEOC AJ.

6. On February 13, 2018, Complainant withdrew her request for a hearing.

7. In a letter received by CRCL on February 21, 2018, an AJ from EEOC's Washington Field Office dismissed the complaint from the EEOC hearing process and remanded it to CRCL to issue a FAD.

## CLAIMS AT ISSUE

Whether FEMA discriminated against Complainant based on race (African-American) and color (Black) when, on January 21, 2016, Complainant's request to change her duty station and telework schedule were denied.

## FINDINGS OF FACT

1. During the relevant time period, FEMA employed Complainant as a Budget Analyst in the Funds Control Branch of the Budget Planning and Analysis Division (BPAD), Office of Chief Financial Officer (OFCO), in Washington, DC. (IF at 43).

2. The Supervisory Budget Analyst (S1) served as Complainant's first line supervisor. (IF at 54).

3. On December 18, 2015, Complainant submitted a request to S1 for "95-100%" telework. (IF at 47).

4. On December 22, 2015, Complainant submitted another request to S1 for 95-100% telework, and also to change Complainant's duty station to Florida. (IF at 44-45). Complainant stated that the request was based on her "current commuting time" and to improve her work life balance. (IF at 60).

5. On December 29, 2015, S1 denied Complainant's requests for increased telework and a change in duty station. (IF at 59).

6. On January 19, 2016, Complainant submitted a Telework Application and Agreement, which placed her in the office two days per pay period, and teleworking the remaining days. S1 disapproved the Telework Application and Agreement, noting that "this

2

agreement does not meet the BPAD Telework expectation of 2 days per week" in the office. (IF at 118).

## STANDARD OF REVIEW

Section 717 of Title VII of the Civil Rights Act of 1964 ("Title VII"), *as amended*, 42 U.S.C. § 2000e *et seq.*, prohibits discrimination based on race, color, religion, sex, and national origin. Title VII also prohibits retaliation for participation in the EEO process or for opposing any unlawful employment practices covered by Title VII. 42 U.S.C. § 2000e-3(a). In the absence of direct evidence of discrimination, the tripartite analysis first enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), applies to claims of discrimination alleging disparate treatment. Under this analytical framework, the complainant must first establish a *prima facie* case of discrimination by presenting facts reasonably giving rise to an inference of discrimination when unexplained: *i.e.*, a prohibited reason was a factor in the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. Once the record establishes a *prima facie* case, a presumption arises that management unlawfully discriminated against the complainant, and the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" to rebut the *prima facie* case. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981). Should the employer meet this burden of production, the complainant "must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by [the Agency] were not its true reasons, but were a pretext for discrimination." *Burdine*, 450 U.S. at 254. Ultimately, the burden of proving the employer intentionally discriminated against the complainant on the basis of his or her protected status remains at all times with the complainant. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993).

Where management has articulated legitimate, nondiscriminatory reasons for its actions, however, the factfinder need not determine whether the complainant has established a *prima facie* case of discrimination. Instead, the factfinder should review the entire record to determine whether the record supports a finding of discrimination. *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714-15 (1983); *Austin v. Dep't of the Navy*, EEOC Appeal No. 01900068 (Dec. 8, 1989). Therefore, this decision does not include a *prima facie* case analysis on the disparate treatment claim at issue.

## ANALYSIS

Management articulated a legitimate, nondiscriminatory reason for its actions. S1 pointed out that Complainant was requesting a telework schedule "outside of the normal BPAD telework policy," which allowed employees to telework up to 3 days per week. S1 stated that she denied both of Complainant's requests due to the customer service orientated nature of her job. S1 explained that Complainant's customers were located in Washington, DC, and BPAD believed there was "value in face-to-face interaction with colleagues and customers." In an email to Complainant, S1 explained that Complainant's position required in-person engagement with customers, and that being in the office enhanced team building, on-the-job training, and collaboration. (IF at 59).

S1 noted that BPAD had a very flexible telework policy, which she believed provided more telework opportunities than other FEMA offices.  (IF at 55).  Although S1 did not permit Complainant to change her duty station to Florida, she noted that Complainant was allowed to telework from Florida three days per week, with the expectation that she report to the DC office twice each week.

Complainant failed to prove by a preponderance of the evidence that management's legitimate, nondiscriminatory reason was a pretext for discrimination.  Complainant asserted that two other employees were permitted to work 100% telework schedules.  S1 acknowledged that at the time of Complainant's request, two employees had worked 100% telework schedules; however, S1 noted that "these situations were approved prior to me becoming a supervisor."  S1 pointed out that one of those employees no longer worked at FEMA, and the other was a Staff Accountant who did not have customers and, therefore, her job did not require face-to-face interaction.  (IF at 55-56).  Complainant offered no other evidence to suggest that management's denial of Complainant's requests were discriminatory in nature.

## CONCLUSION

Based upon the full evidentiary record, CRCL concludes Complainant failed to prove that FEMA discriminated against Complainant.  Since Complainant is not the prevailing party, she is not entitled to payment of attorney's fees, costs, or compensatory damages, and no corrective action is required.

_Chrystal R. Young_                                                             April 4, 2018
For Veronica Venture                                                            Date
Deputy Officer, Office for Civil Rights and Civil Liberties
Director for EEO & Diversity
Department of Homeland Security

CSB

4

## NOTICE OF APPEAL RIGHTS

You have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court.

All time periods are given in calendar days. If a time period expires on a Saturday, Sunday or Federal holiday, you may file on the next business day. If an attorney represents you, the time periods begin to run from the date that your attorney receives this decision.

### FILING AN APPEAL WITH EEOC

You have the right to appeal this decision to EEOC within 30 days of the day you receive this final decision. You have the right to submit an optional brief or statement within 30 days of the date you file the appeal. File your appeal, and any subsequent supporting statement or brief, by mail addressed to:

**U.S. Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Or by personal delivery to:

**U.S. Equal Employment Opportunity Commission**
**Office of Federal Operations**
**131 M Street, NE**
**Suite 5SW12G**
**Washington, DC 20507**

Or by facsimile to (202) 663-7022.

At the same time you file an appeal and any subsequent supporting statement or brief with EEOC, you must also send a copy of your appeal or brief to:

**Director, Office of Equal Rights**
**Federal Emergency Management Agency**
**500 C Street, SW, Fourth Floor**
**Washington, DC 20472-3505**

And to:

**U.S. Department of Homeland Security**
**Office for Civil Rights and Civil Liberties / MS0191**
**245 Murray Lane, SW**
**Washington, DC 20528-0191**

In your appeal to EEOC, you must state the date and method (for example, by certified mail or hand delivery) by which a copy of the appeal was sent to the Director, Office of Equal Rights, Federal Emergency Management Agency.  You should use the attached EEOC Form 573, Notice of Appeal/Petition, to file your appeal.  The form may also be found at www.eeoc.gov/federal/directives/md-110_appendix_p.cfm.  EEOC will dismiss your appeal if you do not file it within the time limits.

## FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal to EEOC, or within 90 days after receipt of EEOC's final decision on appeal.  You may also file a civil action after 180 days from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If your claim is based on age discrimination, the time limits noted above may not be applicable to you, especially if you are filing this civil action after giving EEOC not less than 30 days' notice of your intent to file such an action.  Accordingly, you should consult an attorney if you desire further guidance regarding the timeliness of your case.

You must also comply with the following instructions:

(1)  You must name Kirstjen M. Nielsen, Secretary, Department of Homeland Security, as the defendant.  Failure to provide her name and official title may result in dismissal of your case.

(2)  If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security.  The grant or denial of the request is within the sole discretion of the Court.  Filing a request for an attorney does not extend the time in which to file a civil action.  Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC final decision.

# NOTICE OF APPEAL/PETITION - COMPLAINANT

TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | _____Yes;  Date Received _____(Remember to attach a copy)<br>_____No<br>_____This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the Commission, <u>another</u> agency, or through any <u>other</u> administrative or collective bargaining procedures? | _____No<br>_____Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | _____No<br>_____Yes **(Attach a copy of the civil action filed)** |

**NOTICE**: Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the Commission Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the Commission **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the Commission at the address above.

Please specify any reasonable accommodations you will require to participate in the appeal process.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |
| Method of Service on Agency: | |
| Date of Service: | |

**EEOC Form 573 REV 2/09**

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, February 2009

2. **AUTHORITY**: 42 U.S.C. § 2000e-16

3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by federal employees, former federal employees, and applicants for federal employment.

4. **ROUTINE USES**: Information provided on this form may be disclosed to: (a) appropriate federal, state, or local agencies when relevant to civil, criminal, or regulatory investigations or proceedings; (b) a Congressional office in response to an inquiry from that office at your request; and (c) a bar association or disciplinary board investigating complaints against attorneys representing parties before the Commission. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a database for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

You may send your appeal to:

**The Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, D.C. 20013**

**Fax it to (202) 663-7022 or submit it through the Commission's electronic submission portal.**

## **CERTIFICATE OF SERVICE**

For timeliness purposes, it shall be presumed that the parties received the foregoing on the date indicated below if sent via email or within five (5) calendar days after the date indicated below if sent by regular or certified mail. I certify that the foregoing final action, appeal rights, and appeal form were provided to the following:

Alicia Kirton
*(Via Email:  alicia.kirton@fema.dhs.gov)*

Morris Fischer, Esq.
*(Via Email:  morris@mfischerlaw.com)*

Kevin McEvoy
Administrative Judge
EEOC – Washington Field Office
*(Via Email:  kevin.mcevoy@eeoc.gov)*

David Myers, Esq.
Federal Emergency Management Agency
*(Via Email)*

Director, Office of Equal Rights
Federal Emergency Management Agency
395 E Street, SW, 2nd Floor
Washington, DC 20472-3220
*(Uploaded and Notified Via Email)*


_____                    _____4/4/18_____
CRCL/EEO Assistant                                                      Date