EXHIBIT 24

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALICIA KIRTON,

         *Plaintiff*,

    v.

CHAD WOLF, Acting Secretary, Department
of Homeland Security, and FEDERAL
EMERGENCY MANAGEMENT AGENCY,

        *Defendants*.

Civ. A. No. 18-1580 (RCL)

### DEFENDANTS' RESPONSES AND OBJECTIONS TO
### PLAINTIFF'S SUPPLEMENTAL DISCOVERY DEMANDS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendants Department of Homeland Security, *et al.* ("Defendants"), by and through undersigned counsel, hereby objects and responds to Plaintiff's Supplemental Discovery Demands ("Supplemental Demands") submitted May 13, 2020, as follows:

### GENERAL OBJECTIONS

1.    Defendants object to the Supplemental Demands to the extent that they are vague, indefinite, oppressive, unduly burdensome, overly broad, or otherwise seek to impose upon Defendants obligations in excess of, or inconsistent with, those imposed by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Civil Rules of the United States District Court for the District of Columbia ("Local Rules"), the Federal Rules of Evidence, or any other applicable rules and statutes.

2.    Defendants object to the Supplemental Demands to the extent that they seek information or documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege against production.  Defendants' responses are made

without waiver of any privilege or protection against disclosure and the inadvertent disclosure of any privileged information or documents shall not be deemed to be a waiver of any applicable privilege with respect to such information.

3.      Defendants object to the Supplemental Demands to the extent that they state or imply facts that did not occur.  Defendants state that none of their responses to these Supplemental Demands shall be construed as a concession that any of the events described by Plaintiff actually occurred.

4.      Defendants object to the Supplemental Demands to the extent that they call for production of information or documents protected by the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), or any other applicable state or federal law limiting or precluding the disclosure of information or documents, or requiring consent of interested parties prior to the release of information or documents.  Defendants' responses are made without waiver of any protection against disclosure and the inadvertent production of any protected information shall not be deemed to be a waiver of any applicable legal protection with respect to such information or documents.

5.      Defendants object to the Supplemental Demands to the extent that they call for the production of information and documents not relevant to the claims or defenses of any party and not proportional to the needs of the case.  Defendants do not represent or imply by any response to the Supplemental Demands that Defendants believe the information or documents identified are relevant to an issue in this matter or admissible at trial.  Defendants reserve the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or part, in this action or in any other action. Further, Defendants do not represent or imply that the individuals identified in a response to the

Supplemental Demands are competent witnesses or that their testimony would be admissible at trial.

6.      Defendants object to the Supplemental Demands to the extent that they call for production of information or documents already in Plaintiff's possession, custody or control, or which is readily available from a source that is equally accessible to Plaintiff.  Defendants further objects to the Supplemental Demands to the extent that they seek cumulative or duplicative information.

7.      Defendants object to the Supplemental Demands as overly broad and unduly burdensome because they are unbounded by a reasonable time period.  Unless otherwise stated, Defendants' responses are limited to the time period relevant to Plaintiff's Complaint.

8.      Defendants make these responses based on Defendants' present understanding of the disputed facts in this action and on information reasonably available to Defendants' counsel, through due diligence, at this time.  Defendants reserve the right to correct, amend, or supplement these responses and to produce any subsequently discovered documents.

9.      Defendants incorporate by reference the foregoing General Objections into each specific response set forth below.  A specific response may repeat a General Objection for emphasis or some other reason.  The failure to include any General Objection in any specific response does not waive any General Objection to the Supplemental Request.

10.      If Defendants respond to any Supplemental Demand to which they also object, they do not waive their objections by providing information or documents.  Nor shall inadvertent disclosure of privileged information or release of privileged documents constitute a waiver of any applicable privilege.

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## <u>SUPPLEMENTAL DISCOVERY DEMANDS</u>

**<u>Supplemental Demand No. 1:</u>**

Per the March 29, 2020 notice, served by Plaintiff to Defendant on May 11, 2020, Why
[*sic*] did this agency after years of insisting that this job could not be done via full-time telework,
conclude otherwise thereby issuing the March 29, 2020 notice. Identify each and every reason
for same.

**<u>Response to Supplemental Demand No. 1:</u>**

Defendants object to this Supplemental Demand because it seeks documents and
information that is not relevant to any party's claim or defense and that is not proportional to the
needs of the case.  Additionally, Defendants object to this Supplemental Demand to the extent
that it seeks documents that are otherwise available to, have previously been provided to, or are
otherwise within the possession, custody or control of, or are readily obtainable by Plaintiff, her
agents, or her counsel.  Defendants also object to this Supplemental Demand to the extent it
implies that Plaintiff was in the same job on March 29, 2020, as she was in 2016 when Melissa
Ellis denied her request for full-time telework and duty station change, or that her circumstances
were otherwise similar or analogous.  Defendants further object that the Supplemental Demand
seeks information concerning circumstances and occurrences at FEMA in 2020 that are
irrelevant to the allegations, claims, and defenses in this case.

Subject to and without waiving any general or specific objection, in February 2020 the
Budget Planning and Analysis Division ("BPAD") of the Office of the Chief Financial Officer
("OCFO"), *i.e.*, the Division in which Plaintiff works, went through a realignment.  Some
employees' performance plans and supervisors changed, including Plaintiff's.  As a result of
this realignment, Plaintiff's performance plan, duties, and supervisor changed.  This put

4

Lasheeco Graham, OCFO Budget Director at the time, in a position to grant Plaintiff's request for full-time telework and a duty station change as a reasonable accommodation.  Plaintiff confirmed this explanation in her Preliminary Case Information submission to the Miami District Office for the Equal Employment Opportunity Commission on April 13, 2020, wherein she stated that in February 2020 she "was moved to a new team" and "[b]ecause of the moved [*sic*] I acquired a new supervisor."  Defendant also respectfully refers Plaintiff to its supplemental document production at FEMA 000314.

Additionally, as explained by email dated June 8, 2020, Eric Littlepage, Deputy Assistant Administrator for Budget in BPAD, started working on Plaintiff's accommodation request in early February 2020, and then discussed BPAD's intent to approve the request with Plaintiff on March 5, 2020.  *See* FEMA 000531-534.  Once Plaintiff accepted the proposed accommodation, *i.e.*, full-time telework and duty station change, Mr. Littlepage then sent the accommodation approval document to Plaintiff on March 12, 2020, which was before BPAD moved to its expanded telework posture due to COVID-19.  *See id*.

**Supplemental Demand No. 2:**

Identify each and every co-worker of Ms. Kirton who is also a budget analyst in the OCFO/BPAD, Headquarters, Washington, DC and state which of these people are telecommuting full-time and which are not. For those that are not, identify each's work arrangement with respect to teleworking (for example, how many days do they telework per week or month). For each budget analyst in OCFO/BPAD not telecommuting full-time, provide documentation[1] confirming same.

---

[1] The documentation does not have to be extensive.

**<u>Response to Demand No. 2:</u>**

Defendants object to this Supplemental Demand as vague and ambiguous.  Defendants further object that the Supplemental Demand seeks documents and information that are not relevant to any party's claim or defense and which are not proportional to the needs of the case. Defendants object that the term "co-worker" as vague, ambiguous and overly broad.  Defendants object to the extent that the Supplemental Demand seeks information or documentation regarding employees other than Budget Analysts or other employees performing duties comparable to Plaintiff and who were in the same chain of command as Plaintiff during the time period at issue (*i.e.*, December 2015 through 2016).  To the extent the Supplemental Demand seeks information or documentation concerning any other undefined "co-workers," those employees' telework arrangements would not be relevant to the claims and defenses in this case.  Defendants further object to the extent the Supplemental Demand seeks information and documents concerning circumstances and occurrences at FEMA in 2020 that are irrelevant to the allegations, claims, and defenses in this case.

Defendants further object to the Supplemental Demand because it is unclear what documentation is sought.  Specifically, the Supplemental Demand asks Defendants to produce documentation to prove a negative, *i.e.*, to confirm that co-workers were "not telecommuting full-time."

Subject to and without waiving any general or specific objection, during the period relevant to the Complaint the following employees performed duties comparable to Plaintiff and had the same chain of command as Plaintiff: Angela Young, Charlene Washington, Stephanie Johnson, Gregory Kim, Mark Miller, and Phuong-Tam Nguyen.

During the period relevant to the Complaint, none of the above employees teleworked full-time:  (1) Angela Young was authorized for two days of regular telework per week and four days per pay period; (2) Charlene Washington was authorized for three days of regular telework per week and six days per pay period; (3) Stephanie Johnson was authorized for two days of regular telework per week and four days per pay period; (4) Gregory Kim was authorized for two days of regular telework per week and four days per pay period; (5) Mark Miller did not telework because his duty station was changed to his home in Oklahoma so he worked from his regular duty station; and (6) Phuong-Tam Nguyen was authorized for three days of regular telework per week and six days per pay period.  *See* FEMA 000324-33.  The above employees' work schedules may also have varied on a given week, depending on their individual work and/or personal circumstances.  To that end, Defendant refers Plaintiff to the time and attendance records for a period of six months from the date of Plaintiff's request for full-time telework and duty station change.  *See* FEMA 000334-501 and 000503-530.

To the extent that the Supplemental Demand requests information and documentation concerning FEMA employees' telework status in 2020 (and again without waiving the foregoing objections) Defendants further responds as follows.  On March 13, 2020, FEMA issued FEMA Instruction 401-123-1, Teleworking and Directed Work Location During COVID-19 Event (Interim), which provided expanded flexibilities to allow employees to perform their duties remotely under the unique circumstances presented by COVID-19.  *See* FEMA 000315-23.  On April 3, 2020, in response to the COVID-19 pandemic, an email sent on behalf of Traci Clever, Associate Administrator for Mission Support, advised all FEMA Headquarters personnel to begin working at their "Designated Work Location" beginning on April 6, 2020, except Emergency Personnel.  *See* FEMA at 000502.  The email to FEMA Headquarters personnel

further advised that most FEMA employees would be teleworking from their homes; indeed,

they were required to do so irrespective of whether they had a telework agreement.  *See id*.

**As to the objections raised herein:**

Dated: June 12, 2020                                Respectfully submitted,

                                                    MICHAEL R. SHERWIN
                                                    Acting United States Attorney
                                                    District of Columbia

                                                    DANIEL F. VAN HORN
                                                    D.C. Bar No. 924092
                                                    Chief, Civil Division

                                        By:      */s/ Daniel P. Schaefer*
                                                    DANIEL P. SCHAEFER
                                                    D.C. Bar No. 996871
                                                    Assistant United States Attorney
                                                    555 4th Street, N.W.
                                                    Washington, D.C.  20530
                                                    (202) 252-2531
                                                    Daniel.Schaefer@usdoj.gov

                                                    *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2020, I served the foregoing Defendants' Responses to Plaintiff's Supplemental Discovery Demands upon Plaintiff's counsel, Morris E. Fischer, Esq., via email at morris@mfischerlaw.com.


 */s/ Daniel P. Schaefer*                          
Daniel P. Schaefer

9